# Morgan Lewis

**Lincoln O. Bisbee**
+1.212.309.6104
lincoln.bisbee@morganlewis.com

April 10, 2025

**Re: *Park v. Shinhan Financial Group Co., LTD et al.*, No. 1:22-cv-10331**

Dear Judge Broderick:

On January 17, 2025, Defendants[1] moved to compel arbitration in this Action (the "Motion to Compel"). (Dkt. Nos. 43-44.) Since that time, Plaintiffs have sought, and obtained, two extensions of time to respond to the Motion to Compel. (Dkt. Nos. 45, 50.) Their response is currently due April 17, 2025. (Dkt. No. 51.) Plaintiffs now request a third extension of time—until at least June 17, 2025—to respond. (Dkt. No. 52.) Defendants oppose Plaintiffs' request as three months is more than sufficient time to respond, and a further extension of time would prejudice Defendants' right to move this Action to its proper arbitral forum.

**I.      Procedural History—Including Plaintiffs' Previous Extensions Of Time.**

Plaintiffs filed their Original Complaint on December 6, 2022 (Dkt. No. 1) and filed an Amended Complaint on February 8, 2023. (Dkt. No. 8.) Plaintiffs' Amended Complaint asserts four claims: (1) alleged whistleblower retaliation under FIRREA against SHBA and certain individuals, including the Individual Defendants; (2) alleged whistleblower retaliation under the AMLA against certain individuals, including the Individual Defendants; (3) alleged gender discrimination under the NYCHRL on behalf of Plaintiff Ramos against unspecified defendants; and (4) alleged retaliation under the NYCHRL on behalf of Plaintiffs Ramos and Park against unspecified defendants. (*Id*.) On June 8, 2023, Defendants moved to dismiss the Amended Complaint. (Dkt. No. 16.) On August 7, 2023, Plaintiffs opposed the Motion to Dismiss and moved to file a further Amended Complaint. (Dkt. Nos. 21-23.) On October 28, 2024, Defendants retained new counsel who immediately raised that Plaintiffs' claims were subject to arbitration. When the parties were unable to agree to move the claims to arbitration, Defendants filed the Motion to Compel on January 17, 2025. (Dkt. Nos. 43-44.)

---

[1] The term "Defendants" in this letter refers to Shinhan Bank America ("SHBA") and U.S.- based individuals Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook (the "Individual Defendants"). In the operative Amended Complaint (Dkt. No. 8), Plaintiffs named certain additional Korea-based entities and Korea-based individuals whom Plaintiffs appear not to have served. The undersigned counsel represent only SHBA and the SHBA Individual Defendants.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060     ☎ +1.212.309.6000
United States               📠 +1.212.309.6001

April 10, 2025
Page 2

On February 3, 2025, Plaintiffs sought an additional month to respond to the Motion to Compel, from February 17, 2025 to March 17, 2025 (which Defendant consented to). (Dkt. No. 45.) Plaintiffs also asked to file a Motion for Leave to Amend on March 17, 2025, in order to assert "additional retaliation claims" along with further alleged factual support for the claims already pled. (*Id.*) The Court granted these requests on February 5, 2025. (Dkt. No. 47.)

On March 6, 2025, Plaintiffs sought a second additional month to respond to the Motion to Compel and file their Motion to Amend due to tragic personal circumstances (which Defendants again consented to). (Dkt. No. 50.) In making this request, Plaintiffs stated that "[b]arring other unforeseen and serious circumstances, the parties do not anticipate requiring further extensions of time." (*Id.*) On February 21, 2025, the Court granted the request. (Dkt. No. 52.) Plaintiffs' opposition to the Motion to Compel and Motion for Leave to Amend are currently due April 17, 2025. (*Id.*)

## II.     The Court Should Deny Plaintiffs' Third Request For An Extension Of Time.

The actionable claims currently pled by Plaintiffs belong in arbitration and the Court should not allow Plaintiffs to further delay consideration of the Motion to Compel by extending their opposition deadline to at least June 17, 2025 (*six months* after the Motion was filed). (Dkt. No. 52.) Indeed, recognizing the prejudice that can accrue from "repeated requests for . . . extensions of time," Your Honor's Individual Rules requires that such requests be justified by the "demonstration of extraordinary circumstances." (Individual Rules Section 1(G)). Here, Plaintiffs fall well short of this standard. The only justification for the requested extension is to file a False Claims Act ("FCA") *qui tam* action, which has no relevance to whether Plaintiffs' employment claims belong in arbitration. In addition, any delay in filing is due to Plaintiffs' own lack of diligence and not any unforeseen circumstances.

### A.     Plaintiffs' Filing Of A *Qui Tam* Action Has No Bearing On Defendants' Motion To Compel.

The operative Complaint in this Action asserts retaliation and discrimination claims, which are largely subject to arbitration as described in the Motion to Compel. (Dkt. Nos. 43-44.) There is no reason to delay adjudicating the Motion to Compel while Plaintiffs pursue an FCA *qui tam* claim. Instead, Plaintiffs' FCA *qui tam* claim may proceed in court while Plaintiffs' actionable employment claims proceed in arbitration.

*Mikes v. Strauss*, 889 F. Supp. 746 (S.D.N.Y. 1995), which Plaintiffs cite for the proposition that FCA *qui tam* actions are not arbitrable, is directly on point for the correct outcome here. In *Mikes*, Plaintiff brought an FCA *qui tam* action alongside an FCA retaliation claim and a claim for wages under the New York Labor Law. *Id*. at 749. The Court compelled the FCA retaliation and New York Labor Law claims to arbitration and allowed the qui tam claim to proceed in Court. *Id*. at 757.

April 10, 2025
Page 3

In short, there is no reason to wait for Plaintiffs to pursue an FCA *qui tam* claim before deciding whether the claims currently before the Court are arbitrable.

### B. Plaintiffs Have Unduly Delayed In Bringing A *Qui Tam* Action.

Plaintiffs ceased working at Shinhan Bank America as of March 4, 2021 and filed this Action in December 2022. (Dkt. No. 1 (Complaint) ¶ 12.) Thus, Plaintiffs have been aware of the facts underlying their alleged FCA *qui tam* claim for over four years. Any failure to comply with the relevant *qui tam* procedures by April 17, 2025 is due to Plaintiffs' delay and does not constitute good cause to extend the deadline to oppose the Motion to Compel or move to further amend their complaint. Rather, Plaintiffs should oppose the Motion to Compel and file any amendment to their personal claims by the current deadline of April 17, 2025—and separately file their FCA *qui tam* complaint.

The FCA's *qui tam* provisions require that "a relator's complaint must be filed *in camera*, and remain under seal for at least 60 days" and during such time period "[t]he complaint is not served on the defendant." *U.S. ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 53 (2d Cir. 2014) (citing 31 U.S.C. § 3729(a)(1)(A)). "The purpose of the sealing provisions is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *Id*. at 54. Here, Plaintiffs have completely mishandled the sealing requirement—in a potentially dispositive fashion—by announcing to the world their intent to pursue FCA *qui tam* claims. Nonetheless, the proper path forward is for Plaintiffs to file their FCA *qui tam* complaint under seal in a separate action.

Bringing a separate FCA *qui tam* action also recognizes the substantial difficulties encountered in litigating an FCA *qui tam* claim alongside a claim for personal damages. *See, e.g.*, *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009) ("The procedural differences between personal and *qui tam* litigation are so great that it is often impractical to pursue both claims in one suit—and sometimes impossible, as when the United States takes more than 120 days to decide whether to intervene . . . If joined in a single complaint, they often should be severed."); *United States v. Epsicopal Health Servs., Inc.*, 2015 WL 12645525, at *5 (E.D.N.Y. July 13, 2015), *report and recommendation adopted sub nom. United States v. Episcopal Health Servs., Inc.*, 2016 WL 748012 (E.D.N.Y. Jan. 7, 2016) ("Although there does not appear to be precedent expressly prohibiting joinder of FCA claims with other claims—perhaps in large part owing to the fact that it seems not to be done often—Second Circuit precedent does suggest that a relator's role in an FCA case may put her at odds with the role a normal plaintiff plays in representing her own interests.").

### III.   Conclusion.

Defendants respectfully request that the Court deny Plaintiffs' third request to extend their deadline to oppose the Motion to Compel and file a Motion for Leave to Amend.

April 10, 2025
Page 4

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS**

/s/ *Lincoln O. Bisbee*
Lincoln O. Bisbee
Lucas Hakkenberg
Carolyn M. Corcoran
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309.6394
Fax: (212) 309.6001
lincoln.bisbee@morganlewis.com
lucas.hakkenberg@morganlewis.com
carolyn.corcoran@morganlewis.com

*Attorneys for Defendants Shinhan Bank America, Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook*