UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PARK, CATHERINE RAMOS, GEOFFREY ADAMSON and MICHAEL KUZMIAK,<br><br>  Plaintiffs,<br><br>  -against-<br><br>SHINHAN FINANCIAL GROUP CO., LTD., SHINHAN BANK Co., Ltd, SHINHAN BANK AMERICA, JIN OK-DONG, JI YOUNG YOOK, CHARLES CONSTANTIN, JUNG JI HO, KANG SHIN TAE, DANIEL E. FRYE, DAE-KI MIN, WALTER O'MEARA, RYAN PAK and LEE SOON YOO,<br><br>  Defendants. | Civil Action No. 22-CV-10331 (VSB)(KHP) |

**DEFENDANT SHINHAN BANK AMERICA, CHARLES CONSTANTIN, DANIEL E. FRYE, WALTER O'MEARA, DAE-KI MIN, RYAN PAK, AND JI YOUNG YOOK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR <u>LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

Lincoln O. Bisbee
Lucas Hakkenberg
Carolyn M. Corcoran
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000
(212) 309-6001 (facsimile)

*Attorneys for Defendants Shinhan Bank America, Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook*

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT PROCEDURAL HISTORY ........................................................................... 1

III. LEGAL STANDARD............................................................................................................ 3

IV. LEGAL ARGUMENT........................................................................................................... 3

    A. This Court Should Deny Leave To Amend Regarding Claims Subject To Arbitration. ............................................................................................ 3

    B. The Proposed New *Pierce* Act Claim Is Subject To Arbitration. .......................... 4

    C. The Additional Factual Allegations Relate To Claims Subject To Arbitration. ................................................................................................................ 4

    D. The Court Should Deny Leave To Amend Because Plaintiffs Abandoned Their AMLA Claims Against The SHBA Individual Defendants......................... 5

V. CONCLUSION...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                               Page(s)

*Catz v. Precision Glob. Consulting*,
  2021 WL 1600097 (S.D.N.Y. Apr. 23, 2021) ...........................................................................5

*Chaleplis v. Karloutsos*,
  2023 WL 2976277 (E.D. Pa. Apr. 18, 2023) ............................................................................7

*Chamberlain v. City of White Plains*,
  986 F. Supp. 2d 363 (S.D.N.Y. 2013) ......................................................................................6

*Chauhan v. MM Hotel Mgmt. LLC*,
  2019 WL 6118006 (E.D.N.Y. Nov. 18, 2019) .........................................................................6

*Convergen Energy LLC v. Brooks*,
  2020 WL 5549039 (S.D.N.Y. Sept. 16, 2020) ......................................................................3, 5

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) .......................................................................................................5

*Daly v. Citigroup Inc.*,
  939 F.3d 415 (2d Cir. 2019) .....................................................................................................7

*Gomez v. Rent-A-Ctr., Inc.*,
  2018 WL 3377172 (D.N.J. July 10, 2018) ...............................................................................4

*Kutluca v. PQ New York Inc.*,
  266 F. Supp. 3d 691 (S.D.N.Y. 2017) ......................................................................................3

*Marciniszyn v. PerkinElmer Inc.*,
  2018 WL 8729590 (D. Conn. Mar. 27, 2018) ..........................................................................6

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) .....................................................................................................3

*Oguejiofo v. Open Text Corp.*,
  2010 WL 1904022 (S.D.N.Y. May 10, 2010) .........................................................................4

*Pierce v. Ortho Pharm. Corp.*,
  84 N.J. 58 (1980) ..................................................................................................................3, 4

*Rosa v. X. Corp.*,
  2024 WL 4903619 (D.N.J. Nov. 27, 2024) ..............................................................................4

*U.S. ex rel. Sarafoglou v. Weill Med. Coll. of Cornell Univ.*,
  451 F. Supp. 2d 613 (S.D.N.Y. 2006) ......................................................................................6

*Simon v. City of New York*,
  2015 WL 2069436 (S.D.N.Y. May 4, 2015) ...........................................................................6

*Tulino v. City of New York*,
  2016 WL 2967847 (S.D.N.Y. May 19, 2016) .........................................................................6

*Wathen v. Gen. Elec. Co.*,
  115 F.3d 400 (6th Cir. 1997) ....................................................................................................6

**Statutes**

12 U.S.C. § 5567 ...............................................................................................................................6

18 U.S.C. § 1514A(a) .......................................................................................................................6

26 U.S.C. § 7623(d) ..........................................................................................................................6

31 U.S.C. § 5323(g)(1) .....................................................................................................................6

31 U.S.C. § 5323(g)(2)(A)-(B) .........................................................................................................7

49 U.S.C. § 42121(b)(1) ...................................................................................................................7

I. **INTRODUCTION**

Each Plaintiff in this Action agreed to arbitrate all employment related claims and Defendants have moved to compel Plaintiffs' retaliation and gender discrimination claims to arbitration. Despite their claims belonging in arbitration, Plaintiffs chose to file a Second Motion for Leave to Amend and proposed Second Amended Complaint ("SAC"). The SAC adds a common law New Jersey claim for retaliation and allegations regarding FinCEN and FDIC Consent Orders from almost eighteen months ago. These new proposed claims and allegations do not impact arbitrability in any way, and Plaintiffs' Second Motion for Leave to Amend is a textbook example of unnecessary pleading that needlessly expends the resources of both Defendants[1] and the Court.

As outlined below, the proper path forward is for the Court to deny the Second Motion for Leave to Amend as futile because it does not change that: (1) the vast majority of claims in this Action are properly brought in arbitration; and (2) Plaintiffs' single non-arbitrable claim (under the AMLA) has been abandoned and fails as a matter of law in any event.

II. **RELEVANT PROCEDURAL HISTORY**

Plaintiffs filed their Original Complaint on December 6, 2022 (Dkt. No. 1.) and filed an Amended Complaint on February 8, 2023. (Dkt. No. 8.) Plaintiffs' Amended Complaint asserts four claims: (1) alleged whistleblower retaliation under FIRREA against SHBA and certain individuals, including the Individual Defendants; (2) alleged whistleblower retaliation under the

---

[1] The term "Defendants" refers to Shinhan Bank America ("SHBA") and U.S.-based individuals Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook (the "Individual Defendants"). In the operative Amended Complaint (Dkt. No. 8.), Plaintiffs named certain additional Korea-based entities and Korea-based individuals whom Plaintiffs appear not to have served. The undersigned counsel represents only SHBA and the SHBA Individual Defendants. Undersigned counsel do not represent any of the unserved entities or individuals.

AMLA against certain individuals, including the Individual Defendants;[2] (3) alleged gender discrimination under the NYCHRL on behalf of Plaintiff Ramos against unspecified defendants; and (4) alleged retaliation under the NYCHRL on behalf of Plaintiffs Ramos and Park against unspecified defendants. (*Id*.) Defendants were not served with the summons or any Complaint in this Action until they agreed to waive such service on April 21, 2023. (Dkt. No. 13.)

On June 8, 2023, Defendants moved to dismiss the Amended Complaint. (Dkt. No. 16.) On August 7, 2023, Plaintiffs opposed the Motion to Dismiss and moved to file a further amended complaint. (Dkt. Nos. 21-23.) In their Opposition, Plaintiffs did not respond to Defendants' arguments that both FIRREA and the AMLA do not provide for individual liability and thus those claims have been abandoned. (Dkt. No. 23 at 21-31.). On September 8, 2023, Defendants filed an omnibus brief in further support of their Motion to Dismiss and opposed further amendment. (Dkt. Nos. 26-27.) Plaintiffs filed their reply in support of amendment on October 17, 2023. (Dkt. No. 30.)

On October 28, 2024, Defendants retained the undersigned as new counsel in this Action and immediately raised that Plaintiffs' claims were subject to arbitration. (Dkt. No. 33.) After Defendants raised this issue, the parties engaged in a dialogue regarding arbitration. (Dkt. Nos. 38-40.) When such discussions did not resolve the issue, Defendants filed the Motion to Compel to Arbitration on January 17, 2025. (Dkt. Nos. 43-44.) On April 17, 2025, Plaintiffs opposed Defendants' Motion to Compel Arbitration. (Dkt. No. 59.) Plaintiffs also filed the present Motion for Leave to Amend which mooted Plaintiffs' previous pending Motion for Leave to Amend. (Dkt. Nos. 55-59.)

---

[2] Plaintiffs also pled their AMLA claim against two Korea-based entities (Shinhan Financial Group Co., Ltd. and Shinhan Bank Co., Ltd.) whom Plaintiffs appear not to have served and undersigned counsel do not represent.

Plaintiffs' proposed SAC (Dkt. No. 56. Ex. 1) adds a New Jersey common law claim ("*Pierce* claim") for alleged wrongful discharge in violation public policy. (SAC ¶¶ 401-408.) It also purports to add as exhibits seven alleged "whistleblower complaints" but does not actually attach the asserted exhibits. (Dkt. No. 56 (missing exhibits A through G).) Finally, the SAC adds allegations regarding an FDIC Consent Order issued on October 13, 2022 and a FinCEN Consent Order issued in September 2023. (SAC ¶¶ 318-343, 344-362.) Plaintiffs do not contend that the proposed SAC has any impact on whether this Action belongs in arbitration or before this Court. (Dkt. No. 59 (Motion to Amend).)

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs may only amend their Complaint with leave of this Court. "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id*.

## IV.    LEGAL ARGUMENT

### A. This Court Should Deny Leave To Amend Regarding Claims Subject To Arbitration.

Leave to amend is properly denied as futile where the proposed new claims are arbitrable or the new allegations relate to claims which are arbitrable. *See, e.g.*, *Convergen Energy LLC v. Brooks*, 2020 WL 5549039, at *27 (S.D.N.Y. Sept. 16, 2020) (denying leave to amend to add allegations regarding claims subject to arbitration); *Kutluca v. PQ New York Inc.*, 266 F. Supp. 3d 691, 704 (S.D.N.Y. 2017) (denying leave to amend as futile where "the claims asserted in the proposed amended complaint, like the claims in the original complaint, are subject to binding arbitration agreements").

### B. The Proposed New *Pierce* Act Claim Is Subject To Arbitration.

This Court should deny leave to amend to add a *Pierce Claim* under New Jersey law as that claim is subject to arbitration. A *Pierce* claim is a common law New Jersey claim which arises when an employee alleges wrongful discharge in violation of public policy. *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (1980) ("We hold that an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy."). As a state common law claim, a *Pierce* claim is arbitrable, and Plaintiffs' Motion does not even attempt to argue otherwise. *See, e.g.*, *Rosa v. X. Corp.*, 2024 WL 4903619 (D.N.J. Nov. 27, 2024) (compelling *Pierce* claim to arbitration); *Gomez v. Rent-A-Ctr., Inc.*, 2018 WL 3377172, at *6 (D.N.J. July 10, 2018) (compelling *Pierce* claim to arbitration). Thus, Plaintiffs' proposed amendment to add a *Pierce* claim is futile, and the Court should deny Plaintiffs' Motion for Leave. *Oguejiofo v. Open Text Corp.,* 2010 WL 1904022, at *3 (S.D.N.Y. May 10, 2010) ("Since the arbitration clause applies to this dispute . . . any amendment by Pima would be futile.").

### C. The Additional Factual Allegations Relate To Claims Subject To Arbitration.

Plaintiffs also seek to amend the Complaint to add findings from FinCEN and FDIC Consent Orders and exhibits allegedly containing copies of Plaintiffs' whistleblowing complaints. (Motion to Amend at 6.[3]) Plaintiffs do not specify which causes of Action these facts support but presumably they relate to the FIRREA retaliation claim, the *Pierce* retaliation claim, and the AMLA retaliation claim. These proposed amendments are also futile.

To start, as outlined in Defendants' Motion to Compel and Reply, the Court must compel the FIRREA and *Pierce* retaliation claims to arbitration (along with all claims other than the

---

[3] As noted above, Plaintiffs did not actually file these exhibits in conjunction with the proposed SAC. (Dkt. No. 56 (Wallace Aff.).)

AMLA claim). (Dkt. No. 44 (Motion to Compel) at 8, Dkt. No. 63 (Reply) at § II.B.) In addition, as discussed further below, no factual pleading can cure the AMLA claim's fatal flaws that: (1) the statute does not provide for individual liability; (2) Plaintiffs failed to exhaust their administrative remedies; and (3) Plaintiffs previously abandoned the claim in any event. (*See infra* at § IV.D.)

Because the additional facts Plaintiffs include in their proposed SAC are pled in support of claims that are either subject to arbitration or otherwise nonviable as a matter of law, the Court should deny Plaintiffs' Motion for Leave. *See, e.g.*, *Convergen*, 2020 WL 5549039, at *27 ("The new allegations Plaintiffs would bring . . . do not change that result. In light of that conclusion, and the Court's decision to compel arbitration, the motion for leave to amend the Complaint is denied as futile."); *Catz v. Precision Glob. Consulting*, 2021 WL 1600097, at *14 (S.D.N.Y. Apr. 23, 2021) (denying leave to amend "to alter the statement of facts" because underlying claims would still be compelled to arbitration); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that leave to amend should be denied as futile where "[t]he problem with [plaintiff's] causes of action is substantive [and] better pleading will not cure it").

### D. The Court Should Deny Leave To Amend Because Plaintiffs Abandoned Their AMLA Claims Against The SHBA Individual Defendants.

The only claim in this Action that is not arbitrable is Plaintiffs' AMLA claim against the SHBA Individual Defendants. With respect to that claim, Defendants' Motion to Dismiss (which is still pending) demonstrated that the claim fails for two independent reasons: (1) the AMLA does not provide for individual liability; and (2) Plaintiffs did not exhaust their administrative remedies. (Dkt. No. 16 (Motion to Dismiss) at 17-20).) In Opposition, Plaintiffs did not address Defendants' argument that the AMLA does not provide for individual liability and thus that argument is waived.

(Dkt. No. 23 (Opposition to Motion to Dismiss) at 28-29 (addressing only arguments about plausibility and whether the AMLA requires administrative exhaustion).)[4]

Given Plaintiff's concession that the AMLA does not allow for individual liability, the Court should dismiss that claim. *See, e.g.*, *Simon v. City of New York*, 2015 WL 2069436, at *2 (S.D.N.Y. May 4, 2015) (finding that plaintiffs abandoned claims by failing to address arguments in opposition brief); *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 392 (S.D.N.Y. 2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."). It would be inequitable and prejudicial to allow Plaintiffs to revive their abandoned AMLA claim through an amended pleading. *See, e.g.*, *Tulino v. City of New York*, 2016 WL 2967847, at *7 (S.D.N.Y. May 19, 2016) ("The Court concludes that leave should not be granted with respect to the majority of Plaintiff's dismissed claims. Plaintiff abandoned her NYSHRL discrimination and retaliation claims, her New York State and City Civil Service Laws claims, and all of her claims against SBS."); *Chauhan v. MM Hotel Mgmt. LLC*, 2019 WL 6118006, at *11 (E.D.N.Y. Nov. 18, 2019) ("Plaintiff's request for leave to amend is denied as to his other remaining claims, i.e. those claims he abandoned[.]").

---

[4] As Defendants showed in their Motion to Dismiss briefing, the AMLA's language expressly limits liability to a claimant's "employer." 31 U.S.C. § 5323(g)(1). When a statute limits liability to an "employer," courts have overwhelming found that liability does not extend to individual defendants. *U.S. ex rel. Sarafoglou v. Weill Med. Coll. of Cornell Univ.*, 451 F. Supp. 2d 613, 624 (S.D.N.Y. 2006) (citations omitted) (dismissing whistleblowing claims under the False Claims Act against individual defendants); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997) (same for Title VII claims); *Marciniszyn v. PerkinElmer Inc.*, 2018 WL 8729590, at *10 (D. Conn. Mar. 27, 2018) (same for Dodd-Frank Act whistleblower claims). In contrast, in cases where courts have allowed individuals to be held liable, the statutory language—unlike the AMLA's language—expressly extends to an employer's "employees" and other "agents." *See* 18 U.S.C. § 1514A(a) (SOX prohibits discrimination by an "employee . . . or agent of" a company); 26 U.S.C. § 7623(d) (TFA; same); 12 U.S.C. § 5567 (Consumer Financial Protection Act; similar).

Finally, Plaintiffs' proposed SAC is futile with respect to their AMLA claim because the SAC is devoid of any facts alleging that Plaintiffs exhausted their administrative remedies under the AMLA by timely filing a complaint with the Secretary of Labor. Critically, an AMLA claim requires that Plaintiffs must first have "fil[ed] . . . a complaint with the Secretary of Labor" within 90 days of learning of the alleged discrimination. 49 U.S.C. § 42121(b)(1). They must also show that the Secretary "has not issued a final decision within 180 days of the filing of [that] complaint" and that any delay in issuing that decision "is [not] due to the bad faith of the claimant." 31 U.S.C. § 5323(g)(2)(A)-(B).[5]

Because Plaintiffs have not exhausted their administrative remedies, the Court must dismiss their AMLA claim—making any amendment futile with respect to that claim. *See, e.g.*, *Chaleplis v. Karloutsos*, 2023 WL 2976277, at *3 (E.D. Pa. Apr. 18, 2023) (dismissing AMLA claim for failure to exhaust and holding that the AMLA's "plain statutory language" and the Supreme Court's interpretation of identical statutory language in other whistleblowing statutes require administrative exhaustion.); *Daly v. Citigroup Inc.*, 939 F.3d 415, 428 (2d Cir. 2019) (explaining with respect to identically worded Sarbanes-Oxley Act provision that "[t]his procedural structure reflects Congress's clear intent for federal courts to exercise jurisdiction . . . only after the claimant has first exhausted the statute's administrative remedies").

## V. CONCLUSION

For all of the reasons provided above, the Court should deny Plaintiffs' Second Motion for Leave to File a Second Amended Complaint.

---

[5] Consistent with the AMLA's statutory text, OSHA guidance makes clear that "[w]histleblowers ***must*** file [administrative] complaints within 90 days after learning of the alleged adverse action" and "a complainant may file a district court complaint ***only*** if OSHA does not issue a final order within 180 days from the filing of the complaint." (Dkt. No 27 Ex. 1 (OSHA Fact Sheet) (emphasis added).)

Dated: May 30, 2025    **MORGAN, LEWIS AND BOCKIUS LLP**

By:  */s/ Lincoln O. Bisbee*

Lincoln O. Bisbee
Lucas Hakkenberg
Carolyn M. Corcoran
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6104
Fax: (212) 309-6001
Email: lincoln.bisbee@morganlewis.com
Email: carolyn.corcoran@morganlewis.com
Email: lucas.hakkenberg@morganlewis.com

*Attorneys for Defendants Shinhan Bank America, Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook*

## **WORD COUNT CERTIFICATION**

I hereby certify that this memorandum complies with the word-count limits pursuant to Local Civil Rule 7.1.  This memorandum contains 2,297 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes, according to the word processing software used to prepare it.

/s/ *Lincoln Bisbee*
Lincoln Bisbee