UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PARK, *et al.*, Plaintiffs, - against - SHINHAN BANK AMERICA, *et al.* Defendants. | 22-CV-10331 (VSB) **ORDER** |

VERNON S. BRODERICK, United States District Judge:

On September 23, 2025, I issued an Opinion & Order ("Opinion") granting Defendants' motion to dismiss Plaintiffs' First Amended Complaint in its entirety and denying Plaintiffs' motion for leave to file its Proposed Second Amended Complaint. (Doc. 74 at 31.) In my Opinion, I declined to exercise supplemental jurisdiction over Plaintiffs' state and city law claims based on Plaintiffs' proper assertion of only federal question jurisdiction, explaining that amendment of their claims, including an additional New Jersey claim, "would also be futile because I would decline to exercise supplemental jurisdiction over Plaintiffs' state claims." (*Id.* at 29–31.) Moreover, I noted in a footnote that "[i]t is not clear that without federal question jurisdiction that there would be federal jurisdiction such that Plaintiffs could file this action in federal court" and that "[a]lthough Plaintiffs do not claim diversity jurisdiction . . . it is unlikely to exist here." (*Id.* at 30–31 n.16.)

On October 7, 2025, Defendants Shinhan Bank America, Charles Constantin, Daniel E. Frye, Walter O'Meara, Dae-Ki Min, Ryan Pak, and Ji Young Yook filed a motion for reconsideration of the September 23 Opinion, requesting "that [I] reconsider [my] ruling that

diversity jurisdiction is unlikely to exist here and allow the parties an opportunity to further address the question of diversity jurisdiction, either at this time or once the appeals in this Action are resolved."[1] (Doc. 78 at 1 (internal quotation marks omitted and alterations adopted).) In this motion, Defendants explained that "Plaintiffs Park and Ramos have affirmatively stated that they are residents of New Jersey" in a prior declaration, so there is "diversity jurisdiction over Plaintiffs Ramos and Park's NYCHRL claims." (*Id.* at 3–4.) Subsequently, on October 8, 2025, I issued an order holding the motion in abeyance "pending resolution of the appeal" and terminated the motion, clarifying nonetheless that I "did not dismiss the state law claims on the basis of lack of diversity jurisdiction," but rather "declined to exercise supplemental jurisdiction based on Plaintiffs' assertion of federal question jurisdiction, and surmised in a footnote the possibility that diversity jurisdiction may not exist." (Doc. 79.)

On August 17, 2026, the Second Circuit issued an order remanding this case back to me pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), "with instructions to [me] to enter an order clarifying [my] decision on the Defendants' motion for reconsideration" and urging that I "proceed expeditiously." (Doc. 83 at 2.) The Second Circuit noted that it was "unclear" whether I "intended to hold in abeyance or deny" the reconsideration motion. (*Id.*) "The Court, however, is obligated to 'raise and decide jurisdictional questions that the parties either overlook or elect not to press.'" (*Id.* (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). The Second Circuit made

[1] I note that although Defendants asked that I "allow the parties an opportunity to further address the question of diversity jurisdiction," (Doc. 78 at 1), Defendants had not previously attempted to establish diversity jurisdiction in any of their filings, and it is Plaintiffs, as the party bringing these claims in federal court, that have the burden to allege, assert, and demonstrate diversity jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."); *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) ("The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."). Moreover, here, Plaintiffs did not join in Defendants' motion for reconsideration, nor did Plaintiffs file their own motion for reconsideration.

clear that in accordance with *Jacobson*, "the mandate shall issue forthwith, limited to that necessary for the District Court to comply with this directive." (*Id.*)

Accordingly, I now clarify that in terminating Defendants' motion for reconsideration on October 8, 2025, I intended to deny the motion. As I noted in the order terminating the reconsideration motion, I did not dismiss Plaintiffs' state and city law clams in my September 23, 2025 Opinion simply on the notion that Plaintiffs might be residents of New York, not New Jersey. (*See* Doc. 74 at 31 n.16; Doc 79.) Rather, I declined to exercise supplemental jurisdiction over the remaining state and city law claims, because Plaintiffs only correctly asserted federal question jurisdiction in both the First Amended Complaint, (Doc. 8), and the Proposed Second Amended Complaint, (Doc. 56-1). Indeed, while Plaintiffs might have altered their Proposed Second Amended Complaint to state that diversity jurisdiction over their city and state law claims exists "given the different residencies," (Doc. 56-1), they do not even assert the residence or citizenship of multiple Defendants in either complaint, nor do they indicate that their state or city law claims are valued in excess of $75,000—the required amount-in-controversy. *See* 28 U.S.C. § 1332(a) ("The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States.")

Plaintiffs' purported New Jersey residencies do not correct the deficiencies in the First Amended Complaint and the Proposed Second Amended Complaint. Both complaints still fail to establish that I have an independent basis of diversity jurisdiction over Plaintiffs' state and city law claims. "For diversity purposes, citizenship depends upon domicile, not residence." *McElroy v. Gemark Alloy Ref. Corp.*, 592 F. Supp. 2d 508, 510 n.1 (S.D.N.Y. 2008). Thus, "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v.*

*United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). This is because domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citations omitted). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997); *see also Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (noting previously that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties").

Nowhere in either complaint does Plaintiff allege domicile for citizenship purposes. Nor do the parties establish complete diversity of citizenship anywhere else in the record. The Second Circuit has made clear that when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, I could simply "deem the pleadings amended so as to properly allege diversity jurisdiction," *Canedy*, 126 F.3d at 103. Here, however, nothing else in the record explicitly establishes the proper citizenship of all the parties.

Additionally, as I previously noted, Plaintiffs also fail to properly plead the citizenship of Defendants in both their First and Proposed Second Amended Complaints and even admit as much. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Although Plaintiffs include some incorporation information,

they do not plead the principal place of businesses for the corporate Defendants. In clarifying the Second Circuit's jurisdiction over its appeal, Plaintiffs themselves acknowledge that their complaint "does not properly assert diversity jurisdiction" and that "Plaintiffs do not know if any of the named Defendants were domiciled in New Jersey" so "it is unclear if true diversity jurisdiction exists." *Supplemental Brief*, Doc. 55, *Park v. Shinhan Bank America*, No. 25-cv-2453 (2d. Cir. Aug. 7, 2026).

In sum, because I declined to exercise supplemental jurisdiction over Plaintiffs' state and city law claims based on their assertion of federal question jurisdiction and because, nonetheless, Plaintiff did not properly plead or supplement the record with evidence that diversity jurisdiction served as an independent basis of jurisdiction for these claim—even if Plaintiffs' residences were in New Jersey— I previously denied Defendants' motion for reconsideration.

SO ORDERED.

Dated: August 28, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge